UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE J. MEYERS, IV,

                              *Plaintiff,*

    v.                                                          Case No. 26-CV-1130 (KMK)

TOWN OF NEW WINDSOR, *et al.*,                                   ORDER

                              *Defendants*.

KENNETH M. KARAS, United States District Judge:

George J. Meyers, IV ("Plaintiff") filed his initial complaint (the "Complaint") in this

Action on February 10, 2026.  (*See* Compl. (Dkt. No. 1).)  On April 9, 2026, Defendants filed a

pre-motion letter identifying asserted deficiencies in Plaintiff's Complaint, and requesting a pre-

motion conference in anticipation of a Motion to Dismiss pursuant to Federal Rules of Civil

Procedure 12(b)(2), 12(b)(4), and 12(b)(6).  (Letter from Jaclyn G. Goldberg, Esq. to Court (Apr.

9, 2026) (Dkt. No. 12).)  The Court directed Plaintiff to respond to this letter.  (Dkt. No. 13

(order dated Apr. 9, 2026).)  In a letter dated April 23, 2026, Plaintiff responded.  (Letter from

George J. Meyers, IV to Court (Apr. 23, 2026) (Dkt. No. 18).)  In the letter, he requested "leave

to amend rather than dismissal" in the event the Court identified any deficiencies in his

Complaint.  (*Id.* at 2.)  The Court scheduled a premotion conference for May 26, 2026.  (*See* Dkt.

No. 21 (order dated May 13, 2026).)  At the premotion conference, Plaintiff indicated that he

wished to amend his Complaint in this Action.

Plaintiff's Amended Complaint should be filed by no later than July 10, 2026.  As the

Court advised at the premotion conference, because Defendant's premotion letter provides

Plaintiff with advance notice of the arguments that might be levied against his pleadings, in the

event that any of the arguments identified in Defendants' premotion letter are meritorious and Plaintiff does not cure those deficiencies in the allegations included in his Amended Complaint, the Court may deny further leave to amend and dismiss Plaintiff's claims with prejudice. *See, e.g.*, *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim."); *Noel v. Pepsico, Inc.*, No. 24-CV-7516, 2026 WL 558118, at *16 (S.D.N.Y. Feb. 27, 2026) ("In general, a plaintiff's failure to fix deficiencies in the previous pleading, after being provided notice of them, is alone sufficient ground to deny leave to amend."); *Blount v. Cnty. of Onondaga*, No. 20-CV-937, 2021 WL 3863386, at *6 (N.D.N.Y. May 18, 2021) ("Because Plaintiff has already been given the opportunity to amend, the Court recommends such dismissal be with prejudice."), *report and recommendation adopted,* No. 20-CV-937, 2021 WL 3861045 (N.D.N.Y. Aug. 30, 2021); *Liner v. City of New York*, No. 11-CV-5196, 2012 WL 5247316, at *3 (S.D.N.Y. Oct. 24, 2012) ("The Court dismisses the Amended Complaint with prejudice because the plaintiff already had an opportunity to file an amended complaint with the warning that if it were dismissed, it would be dismissed with prejudice.").

SO ORDERED.

DATED:      May 28, 2026
            White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE